IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANH VAN NGUYEN,<br>      Plaintiff,<br>  vs.<br>D. K. SISTO, et al.,<br>      Defendants. | No. C 09-00718 JW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 on February 18, 2009. Then on April 27, 2009, plaintiff filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. (See Docket No. 6.)

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.09\Nguyen00718_dwlta.wpd

frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff's "statement of claim," (Compl. 3), is unclear and fails to meet the minimum standards for stating a cognizable claim under § 1983. Plaintiff has failed to identify what constitutional rights were violated and which defendant committed the alleged violation. See West v. Atkins, 487 U.S. at 48. Plaintiff must set forth specific facts as to each defendant's conduct that proximately caused a violation of his federally protected rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Accordingly, the complaint is DISMISSED with leave to amend to attempt to allege cognizable claims pursuant to § 1983.

The Court notes that plaintiff also filed a § 2254 petition. If plaintiff finds that he filed the instant § 1983 complaint in error, he may move for voluntary dismissal of the instant action.

C.   Petition for a Writ of Habeas Corpus

On April 27, 2009, plaintiff filed in the instant action a copy of a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket No. 6.) If it is plaintiff's intent to seek a federal habeas relief from his state conviction by way of a § 2254 petition, he must file the petition as a separate action and pay the appropriate filing fee or request leave to proceed in forma pauperis. The Court notes that page 2 of the petition is missing necessary information with respect to the challenged state conviction and sentence. Plaintiff is advised, that should he choose to pursue a §

2254 action, he must include all the information requested on the form petition.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend, as indicated above. Within **thirty (30) days** of the date this order is filed, plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 09-00718 JW ( PR). Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference.

As discussed above, plaintiff may move for voluntary dismissal of the instant action if he finds he filed the § 1983 action in error.

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall enclose two copies of the court's form complaint and two copies of the court form petition with a copy of this order to plaintiff.

DATED: June 30, 2009

JAMES WARE
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.09\Nguyen00718_dwlta.wpd         3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


CHANH NGUYEN,

          Plaintiff,

  v.

D.K. SISTO, et al.,

          Defendants.
                                            /

Case Number: CV09-00718 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____7/13/2009_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Chanh Van Nguyen V-07324
CSP Solano State Prison
P. O. Box 4000
Vacaville, Ca 95696-4000


Dated: _____7/13/2009_____

                                      Richard W. Wieking, Clerk
                                     /s/ By: Elizabeth Garcia, Deputy Clerk